[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff union commenced this statutory proceeding pursuant to Connecticut General Statutes § 52-418(a)(4) to vacate a certain labor arbitration award issued by a panel of the State Board of Mediation and Arbitration. The parties have stipulated to the facts and the existence of the Pension Agreement between the City and the Union. Both parties have CT Page 5540 submitted memorandums of law generally setting forth the accepted law and procedures relevant to this type of case, which the court will not repeat.
The grievant in this case made application to the Bridgeport Police Commission for a disability retirement. The pension plan basically provided for two forms of disability retirement, job related and non-job related. The job related pension benefits were more generous to the grievant. After a hearing, the Board granted the grievant a non-job related pension of 40 percent. The Union contested this award and claimed the grievant should have been allowed a higher percentage pension under the job related provision.
The parties framed the submission to the state panel as follows:
 "Was the forty (40%) percent non-job related disability retirement awarded Officer Milton McKinney proper based upon the contract and the pension plan?"
The panel's award reads as follows:
 "The forty (40%) percent non-job related disability retirement awarded Officer Milton McKinney was properly assigned based upon the pension plan. Grievance is denied."
From that it appears clear that the award not only conformed to but mirrored the submission.
The Union's claim, however, is that in the "Discussion" portion of the state panel's decision they considered an issue beyond the job relatedness of the disability, that being whether the grievant was in fact permanently disabled. Neither the Union nor the City disputed that the grievant was permanently disabled from performing the duties of a police officer.
The Union claims that the arbitrators held that the non-job related pension was proper because the grievant was not permanently disabled. The Union claims that the award, therefore, not only exceeds the scope of the submission but also evidenced a manifest disregard of the law. This court does not agree.
Although the arbitrators may have opined on the matter of CT Page 5541 permancy, which was not specifically before them, it is clear from the first sentence of the "Discussion" that "a majority of the panel finds the Grievant not permanently disabled from his on the job injury of January 17, 1985", that their award was consistent with the submission that the 40 percent non-job related disability retirement was proper based on the contract and the pension plan.
The application to vacate the arbitration award is denied.
GORMLEY, J.